IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GODO FREDO PALMA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3300 |
| | § | |
| WAL-MART STORES, INC. | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This premises liability personal injury case is before the Court on the Motion for Summary Judgment ("Motion for Summary Judgment") [Doc. # 18] filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on February 2, 2006. By Order entered February 28, 2006 [Doc. # 19], the Court directed Plaintiff Godo Fredo Palma ("Palma") to file any response in opposition to Wal-Mart's Motion for Summary Judgment by March 14, 2006. The Court also cautioned Palma that failure to respond by the March 14, 2006, deadline could result in the entry of summary judgment in favor of Wal-Mart. Palma has neither filed a response in opposition to Wal-Mart's Motion for Summary Judgment nor requested additional time to do so. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court grants Wal-Mart's Motion for Summary Judgment.[1]

---

[1] In the Motion for Summary Judgment, Wal-Mart alternatively moves for dismissal as a sanction for Palma's alleged willful abuse of judicial process in this case. Wal-Mart alleges Palma committed perjury in his deposition by failing to give truthful testimony regarding his criminal history and involvement in other civil lawsuits. The Court does not reach Wal-Mart's motion for sanctions because Wal-Mart is entitled to summary judgment on the merits of Palma's claim.

I.   **BACKGROUND**

This case arises from an accident that occurred at Wal-Mart Store No. 2724 ("Store") in Pasadena, Texas on June 25, 2004. Palma contends he was injured while he was shopping at the Store when boxes containing fans fell from a shelf, striking him in the head, neck, back, and shoulders.[2] In August 2005, Palma filed a premises liability suit in Texas state court against Wal-Mart claiming personal injury damages. Wal-Mart subsequently removed the case to this Court pursuant to the Court's diversity jurisdiction.

After an adequate time for discovery, Wal-Mart filed the pending Motion for Summary Judgment. Palma was given additional time to file his response in opposition to the Motion for Summary Judgment and was cautioned that failure to respond could result in the entry of summary judgment in Wal-Mart's favor. Palma has not, however, filed any response in opposition to the Motion for Summary Judgment or requested an extension of time to do so. The Motion for Summary Judgment, therefore, is uncontested and ripe for decision.[3]

II.   **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

[2]   Deposition of Godo Fredo Palma, Exhibit A to Motion for Summary Judgment, at 14–16.

[3]   Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. The Court is nonetheless obligated to consider the merits of the Motion for Summary Judgment. *See Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022–23 (5th Cir. 1995).

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy— "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record

would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). Additionally, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

### III.  ANALYSIS

Texas premises liability law governs this diversity case. As a customer, Palma qualifies as an invitee of Wal-Mart. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 2 (Tex. 1996) (citing *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975))). To recover for a premises defect as an invitee, Palma must prove the following elements: (1) Wal-Mart had actual or constructive knowledge of some condition on the premises; (2) the condition

posed an unreasonable risk of harm; (3) Wal-Mart did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) Wal-Mart's failure to use reasonable care proximately caused Palma's injuries. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Motel 6 G.P., Inc.*, 929 S.W.2d at 3; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); RESTATEMENT (SECOND) OF TORTS § 343 (1965)).

Wal-Mart contends Palma has no evidence of any of the above elements.[4] Wal-Mart deposed Palma and attached a full copy of the deposition transcript to its Motion for Summary Judgment. The Court has reviewed the transcript and finds there is no evidence on the first element of Palma's premises claim, *i.e.*, that Wal-Mart had actual or constructive knowledge of the condition that caused Palma's alleged injury.[5] Palma has not presented any summary judgment evidence creating a genuine issue of material fact on this element, and there is absolutely no competent summary judgment evidence suggesting that a hazardous condition existed at the Store at the time of, or even prior to, the alleged incident which would place Wal-Mart on notice of its existence. Absent such proof, Palma's premises claim against Wal-Mart fails as a matter of law. *See CMH Homes, Inc.*, 15 S.W.3d 99. Summary judgment for Wal-Mart is therefore appropriate under Texas law.

---

[4] Motion for Summary Judgment, ¶ 4.

[5] "In premises cases constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d 102–03.

### III. CONCLUSION AND ORDER

Wal-Mart is entitled to summary judgment on Plaintiff's premises liability claim because Palma has not established a genuine issue of material fact that Wal-Mart had actual or constructive knowledge of the condition that caused Palma's alleged injury. There are no other claims pending in this case.[6] Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment [Doc. # 18] filed by Defendant Wal-Mart Stores, Inc. is **GRANTED**.

A final judgment will be entered separately.

SIGNED at Houston, Texas, this **28th** day of **March 2006.**

_____
Nancy F. Atlas
United States District Judge

---

[6] Wal-Mart's motion seeking dismissal as a sanction for Palma's alleged abuse of the judicial process is moot.